LANE, J.
The law provides that while the teacher is employed out of the common school fund, the school shall be free to all white children-. (29 O. L. 422.) The real question we' are asked to decide is, whether the children of a white mother, and a father three-quarters white are white children within the meaning of the law? This Court in Bank, in Gray v. Ohio, (4 O. 354), determined, that persons nearer white than a mulatto, or half blood were entitled to the privileges of whites. The color of the party does not sufficiently mark the distinction between the two races of people. In this case Mr. Van Matre and Mr. N. Wright, insist that we resort to the color or complexion to determine who are white persons and do not inquire of the blood. It is obvious to us, that a resort to color would be unsatisfactory, and might operate to exclude many [580 children not intended to be excluded by the legislature. We think the term white as used in the law, describes blood, and not complexion, and are satisfied with the construction heretofore given. The plaintiff’s children, therefore, are white within the meaning of the law, though the defendants have had the shabby meanness to *598 ask from him his contribution of tax, and exclude his children from the benefits of the schools he helped to support. He might well sustain the action, and the Common Pleas erred in determining otherwise on that ground; yet our examination shows that these proceedings have been so negligently conducted for the plaintiff, as to present for him no right to judgment; although, therefore, we decide the main question for the plaintiff in error, we must affirm the judgment, with costs.
[White means preponderance of white blood, approved and followed; Jeffries v. Ankeny, 11 O. 372, 375; Lane v Baker, 12 O. 237, 242. Distinguished as to school law of 1853, Van Camp v. Bd. of Educ. 9 O. S. 406, 412: cited, diss. op. 420, 421; Anderson v. Milliken, 9 O. S. 568, 570: Monroe v. Collins, 17 O. S. 665, 685.]